GEORGE W. CARNRICK *vs.* LIQUOZONE COMPANY.

Norfolk.    November 21, 1911. — January 4, 1912.

Present : RUGG, C. J., HAMMOND, BRALEY, SHELDON, & DECOURCY, JJ.

*Contract,* Construction, Performance and breach.

A manufacturer of bottles received and accepted in writing the following order from a customer: " You may enter our order for our entire supply of . . . bottles, from August 1, 1904, to January 1, 1905, . . . [at a certain price] . . . We agree to advise you two months in advance of our requirements."   The customer never notified the manufacturer two months in advance of his requirements, but with the customer's knowledge the manufacturer made frequent

visits to the customer's place of business for the purpose of keeping in touch with his needs, and manufactured and kept on hand a reserve supply of bottles for the purpose of filling the customer's orders as they were given. At the end of the period of the contract the manufacturer had on hand a large supply of bottles as to which the customer had given no notice that he would require them and no orders, and sought to compel the customer to pay therefor. *Held,* that, the manufacturer having made the surplus without an order or notice from the customer, the customer was not liable therefor under the terms of the contract.

CONTRACT for an alleged breach of the contract set out in the opinion, the plaintiff alleging in substance that the Cumberland Glass Manufacturing Company, his assignor, pursuant to the terms of the contract, beside 60,000 gross of bottles which were delivered to and accepted by the defendant, had manufactured 9,729 gross, which it offered to deliver to the defendant but which the defendant refused to receive. The plaintiff claimed the contract price of the manufactured bottles. Writ dated June 10, 1905.

The case was referred to Carleton Hunneman, Esquire, as auditor, who filed a report containing findings for the defendant.

In the Superior Court the case was tried before *Morton,* J. There was evidence that the vice-president of the Cumberland Glass Manufacturing Company made frequent trips to the defendant's place of business for the purpose of keeping in touch with the defendant's needs as to bottles. There was controverted evidence on the question, whether the 9,729 gross of bottles, the contract price of which the plaintiff was seeking to recover, ever were ordered from the plaintiff's assignor by the defendant, and the jury were instructed: " The plaintiff can hold the defendant responsible for an excess supply which it has on hand only when such excess was manufactured as a result of some act or word of the defendant, so definite as reasonably to constitute an order and warrant the manufacture. That is the sole question in this case for the jury."

With regard to the plaintiff's assignor manufacturing a reserve supply of the bottles without orders from the defendant, but in anticipation of orders, the judge also instructed the jury as follows: " If the plaintiff chose to manufacture and keep on hand a reserve supply of bottles so as to be ready to fill orders, it could not hold the defendant responsible for that surplus except so far

as the surplus was manufactured in reliance upon some act or written or spoken word of the defendant, and some act or word so definite that the plaintiff could fairly and reasonably rely upon it as an order.   The plaintiff had the right to avail itself of the two months' provision in the contract, it had the right to say to the defendant, 'You must give us two months' written notice of what your requirements are.'   That was put in for the benefit of the plaintiff, and if they had availed themselves of it and had obtained from the defendant a written notice two months in advance of what their requirements would be and had manufactured under that written notice, the number which the requirements indicated, the plaintiff could hold the defendant responsible for that number whether they were actually needed or not.   It could, in other words, have secured a definite and conclusive statement of the requirements."

The following rulings, asked for by the plaintiff, were refused by the judge:

" 1.   The agreement between the parties was a supply contract under the terms of which the plaintiffs had a right to manufacture as many bottles as a reasonably prudent manufacturer would have manufactured for the use of the defendant at the rate they were using them and had the further right to compel the defendant to take them when manufactured or pay damages therefor in case of refusal.

" 2.   Under a supply contract such as involved in this case, the supplyee cannot suddenly discontinue ordering without taking such goods as the manufacturer, in the ordinary course of business, has in the exercise of reasonable judgment manufactured without being liable in damages."

" 6.   Upon all the evidence the jury may find the proviso of the contract in regard to giving two months' notice of requirements was waived by both parties."

Other facts are stated in the opinion.

The jury found for the defendant; and the plaintiff alleged exceptions.

*H. W. Ogden*, for the plaintiff.

*E. F. McClennen*, for the defendant.

RUGG, C. J.   This is an action for breach of a written contract of the following tenor:

"February 18, 1904.

"Messrs. The Cumberland Glass Mfg. Co.,
        Bridgeton, N. J.

    "Gentlemen: You may enter our order for our entire supply of Amber bottles, from Augt. 1st, 1904, to Jany. 1st, 1905.  The 8 oz. lettered, 6½ oz. weight, at $2.52 per gross, and the 20 oz. lettered, 13 oz. weight, at $4.13 per gross.

    "We agree to advise you two months in advance of our requirements.  These goods are to be sent freight prepaid, in car lots.

    "We further agree to take the balance of our old contract of 40 M gross by Aug. 1st.

    "This order is contingent on fires, strikes or accidents beyond our control.

                "Yours very truly,
                    "The Liquid Ozone.
                        S. B. Scidmore, Mgr.

"Accepted.
    "Cumberland Glass Mfg. Co.
        By Richard M. More."

The plaintiff is assignee of the rights of the Cumberland Glass Manufacturing Company under the contract.  The latter will be referred to as the plaintiff.

A principal contention of the plaintiff at the trial was that this was a "supply contract" so called, of such a nature as required the plaintiff to furnish the bottles needed by the defendant during the contract period and bound the defendant to take from the plaintiff, not only such as it needed, but also such "as the plaintiff had reasonable ground to believe the necessities of the business might require."  It is not necessary to define the duties and obligations of the respective parties to a general and unqualified contract to furnish goods needed during a specified period, for the reason that the contract at bar contained a clause governing that particular.  In it was a stipulation requiring the defendant to give two months' notice of its requirements.  This provision gave to the plaintiff plain and ample protection as to the quantity which it might be required to provide.  Under such a contract the plaintiff would not be justified, except at its risk, in relying

upon its own judgment as to what might be ordered when under the terms of the contract it might secure an exact statement two months in advance of all that it would be asked to furnish. Although performance of the contract was not to begin until August, it was made in the preceding February. Hence there was sufficient time within which the plaintiff could procure the necessary advices of the defendant's requirements. Failure on the part of the plaintiff to avail itself of this protecting clause does not warrant it in holding the defendant responsible for its mistaken estimate made on its own responsibility of the probable demands of the defendant. The terms of the contract plainly show that the parties guarded against liability on the part of the plaintiff to supply goods ordered on short notice, and limited its full obligation to such as were indicated by the advance notice of requirements by the defendant. But this is the extent of its provision. The various requests based upon this aspect of the case were refused rightly, and no error appears in the portion of the charge excepted to. It follows that it was not error to exclude the opinion evidence proffered by the plaintiff as to the reasonable amount of bottles which the manufacturer would need to carry in stock in order to meet the requirements of the contract based upon information as to the volume of consumption by the defendant during earlier periods.

No harmful error appears in the charge touching waiver or in the court's refusal to give the plaintiff's requests upon that subject. The parties had been dealing with each other prior to August, 1904, under a written contract which provided only that the defendant should give "reasonable notice" of the shipments it might need. The stipulation in the contract under discussion called for a notice two months in advance. It was a requirement binding only upon the defendant. It called for no action by the plaintiff. In a sense it was, therefore, for the benefit of the plaintiff. It was the only party to waive its advantages. If it preferred to relinquish its right under this clause and rely upon other modes of obtaining the information, it might do so. But it cannot impose another and more onerous contract upon the defendant, merely because it has failed to insist upon performance of the one which was written. There was no contention that the contract as a whole had been abrogated.

All the exceptions which have been argued are disposed of by that which has been said.   Others are treated as waived.

*Exceptions overruled.*